# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| **Plaintiff,** : | |
| : | Case No. CR2-06-129(8) |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| JAMES K. HAPP, : | |
| : | |
| **Defendant.** : | |

## OPINION & ORDER

## I. INTRODUCTION

This matter is before the Court on Defendant James K. Happ's ("Defendant's" or "Happ's") Motion to Dismiss Count 17 of the Superseding Indictment (no. 812). Happ asks this Court to dismiss Count 17, which charged him with money laundering conspiracy, because: (1) he believes the Count does not allege that the transaction involved profits rather than net proceeds, which he believes is required by *United States v. Santos*, __ U.S. __ 128 S.Ct. 2020 (2008); and (2) he believes Count 17 does not sufficiently set forth the facts and circumstances of the alleged money laundering conspiracy. For the reasons set forth below, Happ's Motion to Dismiss is **DENIED**.

## II. FACTS

On November 18, 2002, the Government raided National Century Financial Enterprises, Inc.'s ("NCFE's") offices. Three-and-a-half years later, a grand jury returned a multi-count indictment against seven NCFE executives. The indictment charged the defendants with, among other things, conspiracy, mail fraud, wire fraud, and securities fraud. These charges stem from the defendants' alleged scheme to defraud investors in NCFE asset-backed securities programs

starting in August 1992 and culminating in November 2002. Happ was not charged in the original indictment.

NCFE financed healthcare providers by purchasing the providers' accounts receivable. NCFE raised the capital to buy the accounts receivable by selling asset-backed bonds to large institutional investors, such as pension funds and investment firms, through its subsidiary funding programs, NPF VI, Inc. and NPF XII, Inc. The Government alleges that NCFE told investors that the receivables served as collateral for the NPF VI and NPF XII bonds. Because the bonds were supposedly backed by the receivables, investors were led to believe that the bonds were safe and reliable.

In truth, contends the Government, between 1995 and 2002, Defendants engaged in a scheme to defraud whereby they advanced investor funds to healthcare providers without getting qualified receivables in return. This converted the investors' bonds from what they believed to be highly secure assets to risky unsecured loans to the healthcare providers. The Government alleges that Defendants' scheme created shortfalls in the NPF VI and NPF XII accounts—since Defendants were outlaying cash to the healthcare providers without getting receivables in return—that Defendants concealed from investors through a variety of ploys, including falsifying their financial data.

On July 10, 2007, a grand jury returned a superseding indictment. Defendant Happ was charged in that indictment with involvement in the scheme described above. Happ is personally charged with conspiracy, wire fraud, and money laundering conspiracy. He has not been charged with substantive money laundering.

### III. LAW AND ANALYSIS

#### A. Standard of Review

The Sixth Amendment gives a defendant the right to "be informed of the nature and cause of the accusation" against him. U.S. Const. amend VI. To meet this constitutional requirement, an indictment need only (1) "contain the elements of the offense charged and fairly inform[] a defendant" of the charges against him; and (2) enable the defendant to plead double jeopardy in a subsequent proceeding against him. *Hamling v. United States*, 418 U.S. 87, 117 (1974); *United States v. Maney*, 226 F.3d 660, 663 (6th Cir. 2000). Under Federal Rule of Criminal Procedure 7(c)(1) an indictment is simply a "plain, concise and definite written statement of the essential facts constituting the offense charged."

#### B. Defendant's Request for Dismissal of Count 17 Based on *United States v. Santos*

Happ argues that Count 17 should be dismissed because "the note or bond proceeds making up the NPF VI and NPF XII funds cannot be construed as 'profits' in light of *United States v. Santos*." (Df. Mot., 3). In *Santos*, a plurality of the Supreme Court held that "proceeds" means "profits" when an illegal gambling operation is the "specified unlawful activity" giving rise to a money-laundering charge. *Santos*, 128 S.Ct.,at 2025, 2033-34. The Government argues that the transactions forming the basis of Defendant's money laundering conspiracy charge involved the "profits" of his securities and wire fraud activities, not the gross receipts.[1]

---

[1] The Government also believes that *Santos* is inapplicable to this case because the holding "only applies to gambling cases." Because it is unnecessary to decide Happ's motion to dismiss, the Court declines to reach this issue.

The Court has already considered and rejected Happ's argument in the context of Happ's co-defendants' Rule 33 Motions. *United States v. Poulsen*, 568 F.Supp.2d 885, 912-915 (S.D. Ohio 2008); (No. 758, 46-50.) In this Court's August 1, 2008 Order, denying Happ's co-defendant's motions for a new trial, the Court found that "[e]ven if 'proceeds' means 'profits' [in this case] the transactions forming the basis for the Defendants' money-laundering convictions did indeed involve the 'profits' of their securities and wire fraud activities, not the gross receipts." *Id*. at 913. This Court further explained:

> In this case, the billions of dollars National Century collected from investors constituted the "gross receipts" of [Happ's co-defendants'] "specified unlawful activity," i.e., their securities and wire fraud. Unlike in *Santos*, the transactions that formed the basis for [Happ's co-defendants'] money-laundering convictions had nothing to do with paying their expenses. The Government did not allege that [Happ's co-defendants'] laundered money by paying their employees or paying costs associated with marketing their NPF programs or the services of outside professionals, like the indenture trustees and auditors . . . the Government's theory . . . was that Defendants laundered money by making unsecured loans (i.e., "advances") to financially shaky healthcare providers, many of which National Century's principals had a separate ownership stake in. The advances were not "expenses" of Defendants' securities and wire fraud; rather, they were separate transactions designed to prop up the principals' other business interests.

*Id.* at 914.

Happ is charged with the same money laundering conspiracy as his co-defendants. Consequently, the same reasoning applies here. Happ asserts no new arguments for his position. Therefore, for the reasons set forth in this Court's August 1, 2008 Order, the Court finds that the alleged money laundering charged in the indictment involves the profits of the alleged unlawful activities and the Count 17 cannot be dismissed on the basis of *Santos*.

### C. Sufficiency of Count 17

The allegations of an offense in an indictment are generally sufficient if they track the

language of the statute itself. *Hamling*, 418 U.S. at 117-18 (stating the language of the statute may be used but must be accompanied with such a statement of the facts and circumstances as will inform the accused of the offense with which he is charged). A court may consider the overt acts listed in one count of an indictment when evaluating the sufficiency of another count. *United States v. Salisbury*, 983 F.2d 1369, 1374 (6th Cir. 1993). A court uses "common sense construction" when determining whether the indictment sufficiently informed the defendant of the charges against him. *Maney*, 226 F.3d at 663 (quoting *Allen v. United States*, 867 F.2d 969, 971 (6th Cir. 1989). Moreover, an indictment need not "expressly set out every action of the defendant which may have contributed to the commission of the crime charged." *United States v. Moree*, 897 F.2d 1329, 1333 (5th Cir. 1990).

Happ claims that Count 17 of the Superseding Indictment must be dismissed because it does not sufficiently allege a money laundering conspiracy. Specifically, he argues that the indictment fails to include the "money laundering transaction" that he allegedly conspired to commit and "the amount of the proceeds." Happ contends that the indictment does not properly allege specified unlawful activity that is distinct from the money laundering activity. As a result, Happ claims that he is incapable of preparing his defense and will not be able to plead double jeopardy in a subsequent proceeding.

In response, the Government argues that the indictment tracks the statutory language and alleges every element of a money laundering conspiracy charge under 18 U.S.C. §§ 1956(a)(1)(B)(i) and 1956(h). Furthermore, the Government claims that paragraphs 1-17 of the indictment, which explain the alleged scheme to defraud and the persons allegedly involved in that scheme, and paragraphs 21-42 of the indictment, which explain the overt acts allegedly taken in furtherance of the alleged conspiracy at NCFE, provide adequate notice of the specified

unlawful acts involved and provide Happ with sufficient facts to plead double jeopardy and to understand the charges against him.

The Court has carefully reviewed Count 17 of the indictment and the specified acts of unlawful activity alleged in paragraphs 1-17 and 21-42 and finds that the indictment is constitutionally sound. The money laundering conspiracy count tracks the language of the statutory offense. Section 1956(a)(1)(B)(i) of the federal money-laundering statute prohibits concealment money laundering. That section reads in pertinent part:

> Whoever, knowing that the property involved in a financial transaction represents the proceeds of some form of unlawful activity, conducts or attempts to conduct such a financial transaction which in fact involves the proceeds of specified unlawful activity . . . knowing that the transaction is designed in whole or in part . . . to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of specified unlawful activity [has committed money laundering].

18 U.S.C. § 1956(a)(1)(B)(i). Section 1956(h) criminalizes conspiracy to commit money laundering stating, "[a]ny person who conspires to commit any offense defined in this section . . . shall be subject to the same penalties as those prescribed for the offense the commission of which was the object of the conspiracy." 18 U.S.C. § 1956(h). To establish money laundering conspiracy in this Circuit, the government need only prove that the defendant "agreed with another person to violate the substantive provisions of the money-laundering statute during the period alleged in the indictment." *United States v. Hynes*, 467 F.3d 951, 964 (6th Cir. 2006). The government need not prove that the defendant committed any overt act in furtherance of a money laundering conspiracy. *Whitfield v. United States*, 543 U.S. 209, 214 (2005).

Count 17 states that Happ and his co-defendants:

> did unlawfully and knowingly conspire and agree with one another and with others known and unknown to the Grand Jury, to commit certain offenses under 18 U.S.C. § 1956, to conduct and attempt to conduct financial transactions

> affecting interstate and foreign commerce, which transactions involved the proceeds of specified unlawful activity, that is, wire fraud and fraud in the sales of securities, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transactions represented the proceeds of specified unlawful activity, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said specified unlawful activity, in violation of 18 U.S.C. § 1956(a)(1)(B)(I) (concealment money laundering). In violation of 18 U.S.C. § 1956(h).

Thus, Count 17 includes all the statutorily required elements of a money laundering conspiracy charge. The Count charges Happ with agreeing with co-defendants Poulsen, Ayers, Parrett, Speer, Faulkenberry, Beacham, and Dierker to conduct unspecified financial transactions during a seven year period with the intent of concealing illegal proceeds. That is sufficient. *United States v. Musick*, No. 05-5563, 2008 WL 4090648, at *6 (6th Cir. Aug. 29, 2008) (holding money laundering conspiracy indictment count sufficient where it charged the defendant "with agreeing to conduct unspecified financial transactions over a five-year period with the intent of concealing illegal proceeds").

Happ argues that the indictment is insufficient because it fails to include the "money laundering transaction" that he allegedly conspired to commit and "the amount of the proceeds." However, the Count does include the "money laundering transaction"–it alleges that Happ conspired to violate 18 U.S.C. § 1956(a)(1)(B)(I). The Government need not allege the object of the charged money laundering conspiracy with greater detail in the indictment. *Musick*, 2008 WL 4090648, at *6. Moreover, there is no requirement that the Government allege the "amount of the proceeds" to be laundered and Happ has not produced any caselaw to support this contention.

Furthermore, paragraphs 1-17 and 21-42 are incorporated by reference in Count 17 and explain in detail the specified unlawful activity that underlies the money laundering conspiracy

charge. *United States v. Bolden*, 325 F.3d 471, 491-92 (4th Cir. 2003) (holding money laundering conspiracy charge sufficient where the charge incorporated by reference the overt acts in the 18 U.S.C. § 371 conspiracy charge, which constituted the specified unlawful activity). This is more detail than is required for a money laundering conspiracy charge to be sufficient. *United States v. Smith*, 44 F.3d 1259, 1265 (4th Cir. 1995) ("[D]etails about the nature of the unlawful activity underlying the character of the proceeds need not be alleged.") Happ contends that the indictment does not properly allege specified unlawful activity that is distinct from the money laundering activity as necessary to sustain a conviction for substantive money laundering, citing *United States v. Christo*, 129 F.3d 578 (11th Cir. 1997), which deals with the sufficiency of a defendant's § 1957 substantive money laundering conviction, and *United States v. Hamilton*, No. 4:07 CR 432, 2007 WL 323518, *1-2 (E.D. Mo. Nov. 1, 2007). The Court disagrees.

Here, the crux of the money laundering and money laundering conspiracy charges in the indictment is that the defendants first committed wire and securities fraud to convince investors to invest in NCFE and then laundered the money (or conspired to launder the money in Happ's case) by making unsecured loans to healthcare providers. Thus, the specified unlawful activity is distinct from the money laundering activity. Consequently, Happ's argument fails.

Armed with the allegations in Count 17 and the information in paragraphs 1-17 and 21-42, Happ has more than enough information to prepare his Defense and to plead double jeopardy in the future. Therefore, Count 17 is sufficiently charged and will not be dismissed.[2]

---

[2] In reaching its conclusion that Count 17 was not so vague that Happ could not prepare his defense, the Court notes that there has been expansive discovery in this case, involving the Government's disclosure of roughly 200,000 pages of documents. Moreover, Happ has had a preview of the evidence against him based on the trial of his severed co-defendants in February 2008 and October 2008. Finally, on August 15, 2008, in compliance with this Court's order, the Government provided a narrowed list of the specific documents it may use at trial against Happ (no. 785).

## IV.  CONCLUSION

For the reasons discussed above, Defendant Happ's Motion to Dismiss (no. 812) is **DENIED**.  Also, the Defendant's request for a hearing on this Motion is **DENIED**.

**IT IS SO ORDERED.**

                                                    <u>s/Algenon L. Marbley</u>
                                                   **ALGENON L. MARBLEY**
                                                   **United States District Court Judge**

**DATE: November 25, 2008**